THE STATE OF OHIO *v.* CUMMINGS.

[Cite as State v. Cummins (1977), 53 Ohio Misc. 41.]

(No. 77 CRB 01701—Decided July 5, 1977.)

Akron Municipal Court.

*Mr. Victor A. Dandrea*, for plaintiff.
*Mr. Lawrence J. Cook*, for defendant.

GEORGE, J.   The facts have been stipulated and are not in dispute.

This case concerns the interpretation of R. C. 4301.58 (B) entitled "Activities Prohibited Without Permit," and reads:

"No person, by himself or by his clerk, agent, or employee, who is not the holder of a B, C, D, E, F, G, or I permit issued by the department, in force at the time, and authorizing the sale of beer, intoxicating liquor, or alcohol, or who is not an agent or employee of the department or the tax commissioner authorized to sell such beer, intoxicating liquor, or alcohol, shall sell, keep, or possess beer, intoxicating liquor, or alcohol for sale to any persons other than those authorized by Chapters 4301. and 4303. of the Revised Code to purchase any beer or intoxicating liquor, or sell any alcohol at retail."

The defendant argues that mere possession, even if shown, is insufficient for a conviction under this section without the further showing of some evidence of sale.

The state argues that the possession is shown by reason of the fact that the defendant, at the time of the alleged

violation, was the bartender and in full possession and control of the bar inventory, including the bottle of Arrow Vodka. The state further argues that the unauthorized bottle was only present for one purpose, sale.

The court finds that the defendant did have possession and control of the Arrow Vodka and that such possession falls within the prohibited acts of R. C. 4301.58(B). Further that the defendant had said bottle for intended sale to any customers who may come into the bar and ask for same. The court finds this even though the defendant did refuse to acknowledge its existence when the detectives asked for it, the defendant's acts thereafter, in removing the bottle, clearly show knowledge and an attempt to conceal its existence.

The court finds that the defendant intended to sell the Arrow Vodka to anyone other than a detective from the fact that the defendant found it necessary not only to deny its existence, but to engineer the disappearance of the bottle from a position over which only the defendant had control, *i. e.,* behind the bar.

Therefore the court finds the defendant guilty.

*Defendant guilty.*